## Heitz v. General Motors Corporation

*Michael P. Laucks* and *Liverant, Senft & Cohen,* for plaintiff.

*Carl A. Eck,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for defendant, General Motors Corporation.

ATKINS, P. J., May 15, 1972.—Plaintiff is the administrator of his deceased son. He instituted suit against several defendants, including General Motors Corporation, for damages occasioned by the death of his son which allegedly was caused by carbon monoxide poisoning. It is alleged that the poisonous gas entered the interior of the vehicle while it was parked with the motor running at an outdoor theater. The claim is made that defective construction of the automobile permitted the fumes to enter the interior of it.

General Motors Corporation filed 118 interrogatories, several of which have subparts, requiring answering from plaintiff. Plaintiff filed objections to many of these interrogatories. When the matter of the objections came before the court for argument, counsel indicated that they would be willing to discuss the objections with each other to an end that some of their differences might be resolved. Permission to do this was granted, and to the credit of counsel they resolved all of their differences with the exception of four interrogatories which remain subject to objection. These four interrogatories are:

"41. Please state the dates, courts, court numbers and names of parties plaintiff and parties defendant of every lawsuit in which decedent was either a party plaintiff or a party defendant.

"42. Which of the lawsuits named in your answer to Interrogatory 41 were causes of action for personal injuries?

"43. For all prior lawsuits which involved personal injuries to plaintiff's decedent, please state the names, addresses and telephone numbers of the doctors, whether medical or nonmedical, who treated or examined decedent in connection with the personal injuries which were the subject of such lawsuit.

"118 (b). The dates upon which plaintiff first communicated to any other person that he thought the incident was caused by a defective condition in the exhaust system. Also state the name and address of the person to whom this information was first communicated."

Plaintiff alleges that these interrogatories should not be permitted because they are such that cause unreasonable annoyance, embarrassment, expense or oppression to plaintiff, and that they seek irrelevant information and require unreasonable investigation by plaintiff, all of which is prohibited by Pennsylvania Rule of Civil Procedure 4011(b), (c), and (e).

As is pointed out in the comment of section 4011(b)1 of Goodrich-Amram on civil procedure, there is little appellate court authority to aid in interpretation of the rules regarding discovery and, therefore, much is left to the discretion of the judge hearing each individual case.

We are satisfied that interrogatory no. 41 is too broad. Defendant, for instance, could have no interest in a suit that could have been instituted against decedent for a grocery bill. It would seem appropriate

to inform defendant if plaintiff's decedent had been involved as a party-plaintiff in a suit wherein damages had been claimed for personal injuries.

This information would then make interrogatory no. 42 unnecessary.

We see no objection to furnishing the names of doctors who treated decedent for any injuries that were subject of a law suit. It is noted that no request was made for any reports from any such doctors, and we express no opinion regarding such at this time. This request is not the broad type of request that is condemned in Nissley v. Pennsylvania Railroad, 435 Pa. 503.

It is interesting to note that no. 118(b) was not included among the interrogatories to which objections were filed. It is now, however, one of the four we are asked to pass upon. We take from this that defendant has waived the failure of plaintiff to include it in the original objection.

The information requested here does not place any unreasonable burden on plaintiff. Neither does this information seem particularly relevant. The information sought in no. 118(a) seems much more vital. This request is for the date on which plaintiff came to the conclusion that the incident was caused by a defective condition in the exhaust system of the automobile. It would seem to be more important to know the date on which plaintiff came to the conclusion relative to the defective condition than to know the date upon which he first communicated his thoughts regarding the incident.

Accordingly, we enter this

## ORDER

And now, to wit, May 15, 1972, it is ordered, adjudged and decreed that plaintiff's objection to inter-

rogatory no. 41 be and is hereby sustained, except as to law suits in which plaintiff's decedent was a party-plaintiff and where the cause of action was for damages for alleged personal injuries suffered by plaintiff's decedent.

This information supplies that requested in interrogatory no. 42, and, hence, it will not be necessary to answer that interrogatory.

The objection to interrogatory no. 43 is dismissed.

The objection to interrogatory no. 118(b) is sustained.

Where answers are required by this order, they will be furnished within 20 days from the date hereof. An exception is granted to plaintiff and to General Motors Corporation to the action of the court in this regard.